IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RICHARD GORDON MANCHESTER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF MONTANA FOURTH JUDICIAL DISTRICT COURT,<br><br>　　　　Defendants. | CV-09-00122-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

　　　Plaintiff Richard Manchester is a prisoner representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On September 2, 2009, the Court issued an Order finding Manchester's Complaint failed to state a claim upon which relief could be granted and allowed Manchester an opportunity to file an Amended Complaint. Manchester's Amended Complaint was filed September 30, 2009. Accordingly the Court will now complete the prescreening process pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

　　　In his Amended Complaint, Manchester names the State of

Montana, Judge John Larson, and the Missoula County Detention Facility as Defendants.  He has included only a claim that the jail and/or Judge Larson denied him bail for over a month and he was forced to plead guilty in order to escape jail.

As set forth in the Court's prior Order, a pretrial detainee has a Fourteenth Amendment right to have a state bail system administered without caprice or discrimination, but he has no absolute right to bail. Kelly v. Springett, 527 F .2d 1090, 1093 (9th Cir. 1975).  Although this issue was pointed out by the Court in its prior Order, Manchester still did not assert in his Amended Complaint that the bail system was administered arbitrarily, capriciously, or in a discriminatory manner. Accordingly, his section 1983 claim for violation of his right to bail fails as a matter of law.[1]

---

[1] In addition, Manchester has still failed to name a proper party defendant.  The State of Montana is entitled to immunity under the Eleventh Amendment of the United States Constitution (Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974)), Judge Larson is entitled to judicial immunity (Butz v. Economou, 438 U.S. 428 (1978)), and the Missoula County Detention Facility is not an entity capable of being sued (Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)) .  While these defects could potentially be cured by amendment, it is not necessary to allow Manchester a second

III. CONCLUSION

    A.  Leave to Amend

For the reasons set forth above, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.  The defects discussed above were described in the Court's prior Order permitting Manchester to file an Amended Complaint and these defects were not cured in the Amended Complaint.  As such, this matter should be dismissed.

    B.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Plaintiff fails to state a claim upon which relief may be granted.

---

amendment opportunity.  As set forth above, his claims fail to state a claim upon which relief can be granted and he did not cure this defect in his first amendment.

## C.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir.

1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

D. Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

RECOMMENDATION

1. This matter should be DISMISSED WITH PREJUDICE for

failure to state a claim upon which relief may be granted.

    2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

    4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of

Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of November, 2009.

                                          /s/ Jeremiah C. Lynch
                                          Jeremiah C. Lynch
                                          United States Magistrate Judge