**FILED**

DEC 3 0 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RICHARD GORDON MANCHESTER, | CV 09-122-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA FOURTH JUDICIAL DISTRICT COURT, et al., | |
| Defendants. | |

Plaintiff Manchester has filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from the denial of bail while he was in jail for more than a month.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that

statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted. Judge Lynch explained that a pretrial detainee has no absolute right to bail, but merely has a right to have a bail system administered in a manner that is not capricious or discriminatory. Manchester has not alleged capricious or discriminatory administration of the bail system. Judge Lynch noted that this point was explained in his earlier Order allowing Plaintiff Manchester to amend his allegations, and that the Amended Complaint suffers the same defect. On that basis, he recommends that the Amended Complaint be dismissed.

Manchester did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Lynch's Findings and Recommendations (Doc. No. 8) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 30 day of December, 2009.

Donald W. Molloy, District Judge
United States District Court